Smith, J.
The court of common pleas, having at the time that its decree was entered granting to Mrs. Pfau a divorce on account of the aggression of the husband, also for good cause then shown, and as it clearly appears, with the express consent and approval of the defendant, decreed to her the care and custody of the only child of such marriage, now a boy about eight years of age, and of delicate constitution, we are of the opinion that this order and decree should not have been interfered with or changed, as was subsequently done by the same judge of that court at a subsequent term, and should not now be changed, unless it appears that the mother is for some cause *88 not a suitable person to have the custody of the child, or that it would be for his best interest in so .far as his health and comfort are concerned to make some change in the order.
We find on the evidence submitted that there is no reason whatever to find or hold that Mrs. Pfau, the mother, is not a suitable person in every respect to have the care and custody of her child. She is certainly a kind and affectionate mother, and is so situated that she can give to him a good and comfortable home and support where he may have a good moral training and education. It can hardly be denied, however, that the home on the hill now occupied by the father may at some seasons of the year be more healthy and better for the child than that in the crowded street of the city 'where the mother resides. Nor are we unmindful of the fact, which clearly appears, that the father and his sisters, who reside with him, are greatly attached to the boy, and strongly desire that he should live with his father at least a part of the time. In view, therefore, of the whole case, and acting as we think for the best interests of the child, and with regard to the natural rights of the other parties, we will decree as follows:
That the mother is to have the custody and control of the child until he arrives at the age of ten years, with this exception and limitation: that the father shall be at liberty and have the right on each alternate Saturday morning to take the child to his home until the following Monday morning, when he is to return him to his mother; and with this further limitation, that during the months of July and August of each year, until the child arrives at the age -of ten years, the father is to have the right to take the son to his present home, or one equally healthful in the immediate neighborhood of the city, except that on each alternate Saturday morning he is to be returned to his mother, to remain with her until the following Monday morning.
This case is to remain upon the docket with full power and authority for the court to make such further order in the premises as may appear right and proper. It must also be understood *89 by the parties, that neither of them shall in any way or manner attempt to prejudice the child against the other. This must be strictly observed ; and if violated, and the attention of the court is called thereto, proper steps will be taken to prevent such party from having the opportunity of so doing.
Carr, Dangler & Speiser and William F. Gray, for plaintiff.
Von Seggern, Phares & Dewald and Mallon, Coffey & Mallon, contra.